```
                    UNITED STATES DISTRICT COURT
                   SOUTHERN DISTRICT OF MISSISSIPPI
                          NORTHERN DIVISION
```

STEPHANIA COLEMAN                                              PLAINTIFF

V.                                         CIVIL ACTION NO. 3:21-CV-168-DPJ-FKB

JESSICA MCKENZIE-KELLY,                                       DEFENDANTS
STEVE WIMBERLEY, PATRICK
DENDY, AND OFFICE OF THE
STATE AUDITOR

## ORDER

Defendant Office of the State Auditor asks the Court to dismiss or strike pro se Plaintiff Stephania Coleman's Response [4] to its Answer.  Mot. [5].  For the following reasons, the motion to strike is granted, and the motion to dismiss is considered moot.

I.  Facts and Procedural History

Coleman filed this Title VII race-discrimination case in Hinds County Circuit Court on February 5, 2021.  The Office of the State Auditor removed it to this Court on March 4, 2021; it filed its Answer four days later.  Coleman then filed a document she titled "Response to Defendants [sic] Answers [sic] and Defenses."  Resp. [4].  In it, she responds—paragraph by paragraph and defense by defense—to each of the Admissions, Denials, and Affirmative Defenses set forth in the Office of the State Auditor's Answer.  That filing drew the instant motion to dismiss or strike.  Coleman did not respond to the motion, and the time to do so under the local rules has now expired.

II.  Analysis

Federal Rule of Civil Procedure 7(a) enumerates the pleadings that "are allowed":

(1) a complaint;

(2) an answer to a complaint;

>   (3) an answer to a counterclaim designated as a counterclaim;
>
>   (4) an answer to a crossclaim;
>
>   (5) a third-party complaint;
>
>   (6) an answer to a third-party complaint; and
>
>   (7) *if the court orders one*, a reply to an answer.

Fed. R. Civ. P. 7(a) (emphasis added). Though Coleman has styled her pleading a Response to the Answer, the Court construes it as a reply under Rule 7(a). And under that rule, "plaintiffs may not file a reply to an answer except in specific circumstances." *Garner v. Morales*, 237 F.R.D. 399, 400 (S.D. Tex. 2006) (collecting cases). Specifically, Rule 7(a) permits the filing of a reply to an answer only "if the court orders one." Fed. R. Civ. P. 7(a)(7). The Court has not ordered a reply in this case, and it finds a reply unnecessary. *See Schneider v. Kaelin*, No. C-12-223, 2013 WL 664192, at *1 (S.D. Tex. Feb. 22, 2013) (granting motion to strike reply where plaintiff "failed to provide any reason why a reply is necessary").

When a party files a pleading for which leave of court is required without first obtaining that leave, it is appropriate to strike the unauthorized pleading. *See Handshoe v. Perret*, No. 1:15-CV-382-HSO-JCG, 2016 WL 10587113, at *2 (S.D. Miss. Jan. 27, 2016) (striking unauthorized amended complaint). Because Coleman filed an unauthorized reply, the Office of the State Auditor's motion to strike that pleading is granted.

III.    Conclusion

The Court has considered all arguments. Those not addressed would not have changed the outcome. For the foregoing reasons, the Office of the State Auditor's Motion to Dismiss or, in the Alternative, Motion to Strike Plaintiff's "Response in Opposition to" Defendant's Answer [5] is granted in part. Plaintiff's Response [4] is hereby stricken from the record. The motion to dismiss is considered moot.

2

**SO ORDERED AND ADJUDGED** this the 14th day of May, 2021.

                                      s/ *Daniel P. Jordan III*
                                      CHIEF UNITED STATES DISTRICT JUDGE