UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

STEPHANIA COLEMAN                                                                                    PLAINTIFF

V.                                                                        CIVIL ACTION NO. 3:21-CV-168-DPJ-FKB

JESSICA MCKENZIE-KELLY, ET AL.                                                                 DEFENDANT

ORDER

Defendants in this race-discrimination case filed two motions to dismiss pro se Plaintiff Stephania Coleman's claims against them. As explained below, both motions are denied.

I. Facts and Procedural History

Coleman, a Black female, began her employment with Defendant Office of the State Auditor on August 1, 2018. In late 2019, she sought and interviewed for a promotion. Coleman later learned that a White male was awarded the position. Believing she "was disciplined, harassed, denied a transfer, and not promoted because of [her] race (Black)," Coleman filed a charge of discrimination with the Equal Employment Opportunity Commission on June 1, 2020. State Ct. R. [1-2] at 7.

Following receipt of a notice of right to sue, Coleman filed this lawsuit against Jessica McKenzie-Kelly, Steve Wimberley, Patrick Dendy, and the Office of the State Auditor in Hinds County Circuit Court on February 5, 2021. The Office of the State Auditor removed the case to this Court on March 4, 2021, and filed an answer. On June 24, 2021, all Defendants filed a Motion to Dismiss [13], and McKenzie-Kelly, Wimberley, and Dendy (Individual Defendants) filed a separate Motion to Dismiss [14] challenging service of process.

II.     Analysis

    A.     Individual Defendants' Motion

Individual Defendants say they "were not personally served with a summons and a copy of the lawsuit within the requisite 90-day period, as evidenced by the Court's docket history." Mot. [14].  They therefore seek dismissal under Federal Rule of Civil Procedure 4(m), which provides:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service made within a specified time.  But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).  For her part, Coleman says Individual Defendants "were individually served at their employment address, 501 N. West Street, Suite 801, Jackson MS 39201." Pl.'s Resp. [17] at 1.  And there is a returned summons in the state-court record.

So, the first question is whether Coleman properly served Individual Defendants under Mississippi Rule of Civil Procedure 4 before removal.  Mississippi Rule of Civil Procedure 4(d) explains how to serve various categories of defendants.  It provides in relevant part:

> Service by sheriff or process server shall be made as follows:
>
> (1) Upon an individual other than an unmarried infant or a mentally incompetent person,
>
> > (A) by delivering a copy of the summons and of the complaint to him personally or to an agent authorized by appointment or by law to receive service of process; or
> >
> > (B) if service under subparagraph (1)(A) of this subdivision cannot be made with reasonably diligence, by leaving a copy of the summons and complaint at the defendant's usual place of abode with the defendant's spouse or some other person of the defendant's family above the age of sixteen years who is willing to receive service . . . .
>
> . . . .

> (5) Upon the State of Mississippi or any one of its departments, officers or institutions, by delivering a copy of the summons and complaint to the Attorney General of the State of Mississippi.

Miss. R. Civ. P. 4(d).

The state-court record indicates that, while Coleman had a summons issued to Individual Defendants at the address for the Office of the State Auditor, State Ct. R. [1-2] at 11, the process server "personally delivered copies of the Summons and Petition . . . to [the] Attorney General['s] Office," *id.* at 13.  As to the Office of the State Auditor, this sufficed under Rule 4(d)(5) because that office is a "department[] of the State."  *Bernegger v. Haney*, No. 1:08-CV-77-D-D, 2008 WL 4283364, at *3 (N.D. Miss. Sept. 18, 2008).  Similarly, to the extent Coleman asserts official-capacity claims against Individual Defendants, service on the Attorney General would be appropriate.  *Omobude v. Miss. Dep't of Fin. & Admin.*, No. 3:10-CV-703-TSL-FKB, 2011 WL 346522, at *1 (S.D. Miss. Jan. 31, 2011).

But to the extent the claims against Individual Defendants are asserted against them in their individual capacities, Coleman was "required to serve [the] defendant[s] personally, as an individual, in accordance with the requirements of Mississippi Rule [of Civil Procedure] 4(d)(1)(A)."  *Id.*  She did not do so prior to removal, and she never made an effort to "complete[]" service or have "new process issued" following removal.  28 U.S.C. § 1448.

Following removal, Coleman had 90 days—or until June 12, 2021—to serve Individual Defendants.  *See Cardenas v. City of Chicago*, 646 F.3d 1001, 1004 (7th Cir. 2011); 4B Federal Practice & Procedure Civil § 1137 ("In removed cases, the Rule 4(m) time period starts to run upon removal to the federal district court, not the date the action was originated in state court . . . .").  Coleman never timely served Individual Defendants as to any individual-capacity claims asserted against them.  And she has not attempted to show good cause for that failure.

So, the question under Rule 4(m) is whether the Court should "dismiss the action without prejudice against [Individual Defendants] *or* order that service made within a specified time." Fed. R. Civ. P. 4(m) (emphasis added). Under the rule, "[e]ven if the plaintiff lacks good cause, the court has discretionary power to extend the time for service." *Millan v. USAA Gen. Indem. Co.*, 546 F.3d 321, 325 (5th Cir. 2008). In this case, the Court chooses to exercise that discretion and briefly extend the time for service of Individual Defendants. Coleman is proceeding pro se, and, while her process server delivered the summons and complaint to the Attorney General's office, the summons form Coleman filled out gave the address of the Office of the State Auditor where Individual Defendants work. *See* State Ct. R. [1-2] at 11.

This is not a case where a party simply never attempted service of process. Coleman apparently attempted in-person service on Individual Defendants at their place of employment. Under these circumstances, the Court will permit Coleman an additional 21 days within which to effectuate service of process on Individual Defendants. Failure to docket proof of service by that date may result in dismissal without further notice. Individual Defendants' separate motion to dismiss is denied.[1]

---

[1] Individual Defendants also say that, even if they "had been properly served, Plaintiff's complaint fails to state a claim against [them] upon which relief can be granted under Fed. R. Civ. P. 12(b)(6)." Mot. [14] at 1 n.1. But in their motion, they made no legal argument as to how Coleman's Complaint fails to state a claim, and the Complaint and attachments thereto contain sufficient factual allegations to survive Individual Defendants' generic reference to Rule 12(b)(6). *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (explaining that to overcome Rule 12(b)(6) motion, plaintiff must plead "enough facts to state a claim to relief that is plausible on its face"). That said, Individual Defendants made a specific argument in rebuttal "that there is no individual liability against them under Title VII." Rebuttal [19] at 1. That may be true, but "[i]t is the practice of . . . the district courts [in the Fifth Circuit] to refuse to consider arguments raised for the first time in reply briefs." *Gillaspy v. Dall. Indep. Sch. Dist.*, 278 F. App'x 307, 315 (5th Cir. 2008). If Individual Defendants wish to raise this issue, they should do so explicitly in a motion to dismiss after proper service. If service is not perfected, then the issue is moot.

B.     Defendants' Motion

The entire substance of Defendants' Motion to Dismiss is as follows:

> Plaintiff's complaint fails to plead the grounds for the court's jurisdiction, as required by Fed. R. Civ. P. 8(a)(1) and fails to state a claim in numbered paragraphs, as required by Fed. R. Civ. P. 10(b). Additionally, Plaintiff's complaint does not specify proper service to Defendants and is not signed in accordance with Fed. R. Civ. P. 5(c) or Fed. R. Civ. P. 11(a), which requires a pleading's signature to list the signer's address, e-mail address, and phone number.

Mot. [13] at 1. The Court will take Defendants' issues with the Complaint in order.

Defendants are correct that the Complaint does not contain a separate "short and plain statement of the grounds for the court's jurisdiction" as required by Rule 8(a). Fed. R. Civ. P 8(a)(1). "It is well settled, however, that where a complaint is deficient in citing the statute conferring jurisdiction, this omission will not defeat jurisdiction where the facts alleged in the complaint satisfy the jurisdictional requirements of the statute." *Houser v. Rice*, 151 F.R.D. 291, 293 (W.D. La. 1993) (citing *Hildebrand v. Honeywell, Inc.*, 622 F.2d 179 (5th Cir. 1980)). The Complaint references Title VII and alleges that "Defendants discriminated against [Coleman] because of [her] race." State Ct. R. [1-2] at 4. There can be no question that the Court has subject-matter jurisdiction over Coleman's claims; indeed, Defendants relied on that jurisdiction when they removed the case to this Court.

Next, Defendants fault Coleman for not complying with Rule 10(b), which provides: "A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). Defendants are correct; Coleman's one-page, three-paragraph Complaint does not contain numbered paragraphs. But

> [t]he purpose of the requirement . . . that each paragraph in a pleading be numbered is to provide an easy mode of identification for referring to a particular paragraph in a prior pleading or for cross-referencing within a single pleading. [So] a pleading that is comprehensible and presents no interpretive difficulties to

5

> the parties or the district court because of its form is not rendered insufficient because of the absence of numbers before each paragraph.

5A Federal Practice & Procedure § 1323; *see Phillips v. Girdich*, 408 F.3d 124, 128 (2d Cir. 2005) ("[W]here the absence of numbering or succinct paragraphs does not interfere with one's ability to understand the claims or otherwise prejudice the adverse party, the pleading should be accepted."). Dismissal for a lack of numbered paragraphs is not warranted.

The Court frankly does not understand the reference to Rule 5(c). That rule, titled Serving Numerous Defendants, provides in full:

> (1) In General. If an action involves an unusually large number of defendants, the court may, on motion or on its own, order that:
>
> > (A) defendants' pleadings and replies to them need not be served on other defendants;
> >
> > (B) any crossclaim, counterclaim, avoidance, or affirmative defense in those pleadings and replies to them will be treated as denied or avoided by all other parties; and
> >
> > (C) filing any such pleading and serving it on the plaintiff constitutes notice of the pleading to all parties.
>
> (2) Notifying Parties. A copy of every such order must be served on the parties as the court directs.

Fed. R. Civ. P. 5(c). This case involves four defendants. Four is not "an unusually large number of defendants." *Id.* Rule 5(c) does not apply.

Finally, Defendants say the Complaint was unsigned and failed to list Coleman's address, e-mail address, and phone number. Federal Rule of Civil Procedure 11(a) provides:

> Every pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name—or by a party personally if the party is unrepresented. The paper must state the signer's address, e-mail address, and telephone number. Unless a rule or statute specifically states otherwise, a pleading need not be verified or accompanied by an affidavit. The court must strike an unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's attention.

6

Fed. R. Civ. P. 11(a).  True enough, the copy of the Complaint contained within the State Court Record filed as Exhibit A to the Notice of Removal does not include Coleman's signature.  State Ct. R. [1-2] at 4.  But the Court noticed that the pagination of the State Court Record Defendants attached to their Notice of Removal indicates that page 2 of the State Court Record is missing.  *Compare id.* (indicating that this is page 1 of the Complaint), *with id.* at 5 (indicating that this is page 3 of the Complaint).

So the Court accessed the state-court docket and pulled the Complaint directly from there; that document has a second page that bears Coleman's signature.  *See* Compl., attached hereto as Exhibit A, at 2.  It does not, however, include Coleman's address, e-mail address, and phone number, but her address and phone number are on two of the attachments to the Complaint.  *See id.* at 3, 5.  And Coleman's response to the motion to dismiss includes her e-mail address.  Resp. [16] at 2.

Wright and Miller says that a failure to include "the signer's address, telephone number, and e-mail address . . . probably will not lead to a dismissal of the action but simply a direction that the Rule 11 defect be corrected."  5A Federal Practice & Procedure § 1333.  One court, when faced with a similar situation, "deemed [a pleading] amended to include the pertinent contact information."  *V.P. Music Grp., Inc. v. McGregor*, No. 11-CV-2619, 2012 WL 1004859, at *4 (E.D.N.Y. Mar. 23, 2012).  Given that Coleman's contact information is now in the record, that seems like a prudent approach.  Coleman is directed to include her contact information on all future submissions, as Rule 11 requires.

In sum, Defendants have not demonstrated a basis for dismissal of Coleman's Complaint.  Their motion to dismiss is likewise denied.

III.   Conclusion

The Court has considered all arguments. Those not addressed would not have changed the outcome. For the foregoing reasons, the Motions to Dismiss [13, 14] are both denied. Coleman shall have 21 days from the entry of this Order to effectuate service of process on Individual Defendants.

**SO ORDERED AND ADJUDGED** this the 18th day of August, 2021.

s/ *Daniel P. Jordan III*
CHIEF UNITED STATES DISTRICT JUDGE