UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

STEPHANIA COLEMAN                                                                           PLAINTIFF

V.                                                        CIVIL ACTION NO. 3:21-CV-168-DPJ-FKB

JESSICA MCKENZIE-KELLY, ET AL.                                                 DEFENDANTS

ORDER

Individual Defendants Jessica McKenzie-Kelly, Steve Wimberly, and Patrick Dendy again ask the Court to dismiss pro se Plaintiff Stephania Coleman's Title VII claims against them. Mot. [23]. Because there is no basis for individual liability under Title VII, the individual defendants' motion is granted.

I.      Facts and Procedural History

This case arises out of Coleman's employment with Defendant Office of the State Auditor. She believes she "was disciplined, harassed, denied a transfer, and not promoted because of [her] race (Black)." State Ct. R. [1-2] at 7. On February 5, 2021, Coleman filed this lawsuit in Hinds County Circuit Court against the Office of the State Auditor and McKenzie-Kelly, Wimberly, and Dendy.

Following removal to this Court, McKenzie-Kelly, Wimberly, and Dendy filed two joint motions to dismiss asserting procedural defects. The Court denied those motions, and on September 24, 2021, the individual defendants answered and filed the present motion under Federal Rule of Civil Procedure 12(c). This time, they asserted that the Complaint failed to state a claim. Coleman filed two responses; the individual defendants failed to file a reply, and the time to do so under the local rules has now expired.

II.     Standard

"[T]he standards for deciding motions under" Rules 12(b)(6) and 12(c) "are the same." *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 313 n.8 (5th Cir. 2002). When considering a motion under either rule, the "court accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004) (quoting *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999) (per curiam)). To overcome a Rule 12(c) motion, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id*. at 555 (citations and footnote omitted). "This standard 'simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of' the necessary claims or elements." *In re S. Scrap Material Co., LLC*, 541 F.3d 584, 587 (5th Cir. 2008) (quoting *Twombly*, 550 U.S. at 556).

III.    Analysis

The individual defendants' argument is straightforward: "Individuals are not liable under Title VII in either their individual or official capacities." Defs.' Mem. [24] at 3 (quoting *Ackel v. Nat'l Commc'ns, Inc.*, 339 F.3d 376, 381 n.1 (5th Cir. 2003)). This is an accurate statement of the law. Though Coleman filed two responses, neither addresses the argument the individual defendants advance. Coleman instead offers rebuttals to arguments contained in the first set of motions to dismiss. The individual defendants' argument is legally correct: Coleman cannot succeed against them under Title VII. Their motion to dismiss is granted.

IV.     Conclusion

The Court has considered all arguments.  Those not addressed would not have changed the outcome.  For the foregoing reasons, the individual defendants' Motion to Dismiss [23] is granted.  The case will proceed against only the Office of the State Auditor.[1]

**SO ORDERED AND ADJUDGED** this the 5th day of November, 2021.

s/ *Daniel P. Jordan III*  
CHIEF UNITED STATES DISTRICT JUDGE

---

[1] Although defense counsel selected Office of the State Auditor as one of the filing parties when she docketed the Motion to Dismiss and Memorandum in Support, a review of those documents shows that only the individual defendants actually sought dismissal.