```
            UNITED STATES DISTRICT COURT
          SOUTHERN DISTRICT OF MISSISSIPPI
                  NORTHERN DIVISION
```

STEPHANIA COLEMAN                                                    PLAINTIFF

V.                                       CIVIL ACTION NO. 3:21-CV-168-DPJ-FKB

OFFICE OF THE STATE AUDITOR                                         DEFENDANT

## ORDER

Defendant Office of the State Auditor (OSA) seeks partial dismissal in this employment-discrimination case. Specifically, it asks the Court to dismiss Plaintiff Stephania Coleman's claim regarding unpaid unemployment benefits along with her claim for punitive damages. Mot. [51]. As explained below, OSA's motion is granted in part and denied in part.

I.      Facts and Procedural History

OSA employed Coleman from 2018 to 2021. Coleman says OSA "unlawfully discriminated against her on the basis of race, (Black)" and retaliated against her. Pl.'s Supp. Compl. [47] ¶ 2. The operative pleading contains four Title VII claims against OSA, the sole remaining defendant, and seeks compensatory and punitive damages. Count Four of Plaintiff's Supplemental Complaint alleges that Coleman was wrongfully denied unemployment benefits following her termination "in Violation of Title VII." *Id.* at 16.

OSA answered Plaintiff's Supplemental Complaint [48] and filed the present motion, seeking dismissal of Count Four and the request for punitive damages. Coleman responded in opposition, and OSA timely replied.

II.     Standard

OSA says the Court should dismiss Count Four under Federal Rule of Civil Procedure 12(b)(1) because it lacks subject-matter jurisdiction. "In determining whether the court has

subject matter jurisdiction, [it] must accept as true the allegations set forth in the complaint" unless the parties present evidence of disputed facts. *Crane v. Johnson*, 783 F.3d 244, 250–51 (5th Cir. 2015). Here, neither side has introduced any evidence outside the pleadings, so the Court's inquiry into jurisdiction is limited to Coleman's allegations.

OSA's motion also implicates Federal Rule of Civil Procedure 12(c). When considering a motion under that rule, the "court accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004) (quoting *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999) (per curiam)). To overcome a Rule 12(c) motion, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555 (citations and footnote omitted). "This standard 'simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of' the necessary claims or elements." *In re S. Scrap Material Co., LLC*, 541 F.3d 584, 587 (5th Cir. 2008) (quoting *Twombly*, 550 U.S. at 556).

III. Analysis

    A. Count Four

Coleman alleges that, after she was terminated, she

> attempted to file with the Mississippi Department of Employment Security (MDES) to obtain unemployment benefits. Defendant stated Plaintiff was fired for misconduct. Plaintiff appealed several times to MDES. Plaintiff had a phone conference with MDES hearing officer and Defendant (Human Resources Director, employee, MarQuaita Williams Lampkin) on Tuesday, October 5, 2021, around 3 p.m. Plaintiff asked for recording. MDES requested a subpoena from the Plaintiff in this case. Hinds County Circuit judge is now reviewing.

Pl.'s Supp. Compl. [47] ¶ 35. These facts support Coleman's Fourth Claim for Relief:

> **FOURTH CLAIM FOR RELIEF**
>
> Employment Discrimination (Denied unemployment insurance after termination) in Violation of Title VII of the Civil Rights Act of 1964, as amended.
>
> 45. Plaintiff incorporate by reference as if fully set forth herein the allegations contained in paragraphs 34 through 36.
>
> 46. Plaintiff has requested the Hinds County Circuit Clerk to release unemployment benefits. If the Circuit Court does not release unemployment benefits, then Plaintiff asks this Court to command Defendant and MDES to release unemployment benefits to Plaintiff.

*Id.* at 16. OSA reads this claim as seeking an order forcing MDES to pay unemployment benefits. Def.'s Mem. [52] at 3. It then argues that the Court lacks subject-matter jurisdiction to consider Count Four because a state statute vests "exclusive jurisdiction" over "unemployment appeal matters" in Mississippi's circuit courts. *Id.* at 4; *see* Miss. Code Ann. § 71-5-531.

But it is not apparent that Count Four is properly characterized as an "unemployment appeal matter[]." Def.'s Mem. [52] at 4. Coleman expressly invokes Title VII in Count Four and appears to assert a retaliation claim under that federal statute. The Court's "subject-matter jurisdiction [covers] all civil actions 'arising under' the laws of the United States. Title VII actions fit that description." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 503 (2006) (quoting 28 U.S.C. § 1331)). And to the extent OSA may suggest that state law trumps federal jurisdiction, its only cited authority is off point. In *JTB Tools & Oilfield Services, L.L.C. v. United States*, the court held that appellate courts have exclusive jurisdiction to hear OSHA claims brought under 29 U.S.C. § 655(b)(2). 831 F.3d 597, 601 (5th Cir. 2016). That court never addressed whether a state law could divest federal-question jurisdiction, and OSA has not otherwise explained how its argument comports with the Supremacy Clause. U.S. CONST. art. VI, cl. 2. Jurisdiction exists via Title VII. While OSA may have other procedural arguments related to Count Four, its present arguments are not compelling. Accordingly, the motion to dismiss Count Four is denied.

B.      Punitive Damages

Title 42 U.S.C. § 1981a governs the availability of punitive damages "against a respondent who engaged in unlawful intentional discrimination."  42 U.S.C. § 1981a(a)(1).  The statute expressly exempts from the class of defendants from whom punitive damages may be recovered "a government, government agency or political subdivision."  *Id.* § 1981a(b)(1); *see Oden v. Oktibbeha Cnty.*, 246 F.3d 458, 465–66 (5th Cir. 2001) (explaining that § 1981a "precludes plaintiffs from recovering punitive damages against governments, government agencies, and political subdivisions").  OSA argues—and Coleman does not dispute—that it is a government agency from which Coleman may not receive an award of punitive damages.  The Court agrees:  OSA is an agency of the State of Mississippi.  *See Bernegger v. Haney*, No. 1:08-CV-77-D-D, 2008 WL 4283364, at *3 (N.D. Miss. Sept. 18, 2008) ("It is apparent that . . . the State Auditor[']s Office [is a] department[] of the State.").  Coleman's claim for punitive damages must be dismissed.

IV.    Conclusion

The Court has considered all arguments.  Those not addressed would not have changed the outcome.  For the foregoing reasons, OSA's Motion to Dismiss Certain Claims [51] is granted in part.  Coleman's request for punitive damages is dismissed.  The motion is denied as to Count Four.

**SO ORDERED AND ADJUDGED** this the 18th day of May, 2022.

> s/ *Daniel P. Jordan III*
> CHIEF UNITED STATES DISTRICT JUDGE